IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL HERNANDEZ, SR., | § | |
| Petitioner, | § | |
| | § | 3:16-CV-2426-M |
| v. | § | 3:13-CR-0385-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his conviction for conspiracy to possess with intent to distribute a controlled substance. On May 12, 2015, the district court sentenced Petitioner to 180 months in prison. He did not file an appeal.

On August 15, 2016, Petitioner filed the instant § 2255 petition. He argues his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA).

On November 7, 2016, the government filed a motion to dismiss arguing the petition is barred by the statute of limitations. Petitioner did not file a reply. The Court now finds the

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL HERNANDEZ, SR., | § | |
| Petitioner, | § | |
| | § | 3:16-CV-2426-M |
| v. | § | 3:13-CR-0385-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his conviction for conspiracy to possess with intent to distribute a controlled substance. On May 12, 2015, the district court sentenced Petitioner to 180 months in prison. He did not file an appeal.

On August 15, 2016, Petitioner filed the instant § 2255 petition. He argues his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA).

On November 7, 2016, the government filed a motion to dismiss arguing the petition is barred by the statute of limitations. Petitioner did not file a reply. The Court now finds the

petition should be dismissed as time-barred.

## II. Discussion

**1.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on May 26, 2015, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b) (providing fourteen days to file an appeal in criminal cases). Petitioner then had one year, or until May 26, 2016, to file his § 2255 petition. Petitioner did not file his petition until August 15, 2016.

Here, Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue

his petition is timely under § 2255(f)(3). This section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court invalidated the residual clause of the ACCA. Petitioner, however, was not sentenced under the ACCA. He also was not sentenced as a career offender under the sentencing guidelines. Instead, two levels were added to Petitioner's offense level under Sentencing Guideline §2D1.1(b)(1) because Petitioner possessed a firearm. Guideline § 2D1.1(b)(1) does not contain any clauses similar to the ones found unconstitutional in *Johnson*.

Additionally, Petitioner failed to file his petition within one year of the *Johnson* decision. The Supreme Court decided *Johnson* on June 26, 2015. Petitioner then had one year, or until June 27, 2016, to file his petition.[1] Petitioner filed his petition on August 15, 2016. His petition is therefore untimely.

**2.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

---

[1] June 26, 2016, fell on a Sunday. Under Fed. R. Civ. P. 6(a), the petition was due by Monday, June 27, 2016.

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III. Recommendation

For the foregoing reasons, the Court recommends that district court grant the government's motion to dismiss as barred by the one-year statute of limitations.

Signed this 1st day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).